**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LUIS SANDOVAL,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>CALIFORNIA MEDICAL FACILITY, et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 3:21-cv-02065-RBM-KSC<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS**<br><br>[Doc. 2] |

On December 10, 2021, Plaintiff Luis Sandoval ("Plaintiff") filed a complaint against California Medical Facility and the Department of Corrections and Rehabilitation ("Defendants"). (Doc. 1.) Plaintiff did not pay the required filing fee and instead filed a motion to proceed in forma pauperis ("IFP Motion"). (Doc. 2.) For the reasons outlined below, the Court **DENIES** Plaintiff's IFP Motion.

All parties instituting a civil action in a district court of the United States, except an application for a writ of habeas corpus, must pay a filing fee of $402. *See* 28 U.S.C. § 1914(a). But a litigant who, because of indigency, is unable to pay the required fees may petition the Court to proceed without making such payment. 28 U.S.C. § 1915(a)(1). The facts of an affidavit of poverty must be stated "with some particularity, definiteness and

certainty." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (quoting *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981)).

The determination of indigency falls within the district court's discretion. *Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991), *rev'd on other grounds*, 506 U.S. 194 (1993). It is well-settled that a party need not be completely destitute to proceed in forma pauperis. *Adkins v. E.I. DuPonte de Nemours & Co.*, 335 U.S. 331, 339-40 (1948); *see also Escobedo*, 787 F.3d at 1234. To satisfy the requirements of 28 U.S.C. § 1915(a)(1), "an affidavit [of poverty] is sufficient which states that one cannot because of his poverty pay or give security for costs . . . and still be able to provide[] himself and dependents with the necessities of life." *Adkins*, 335 U.S. at 339 (internal quotations omitted). Nevertheless, "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, . . . the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D. R.I. 1984) (internal citation omitted). Courts tend to reject IFP motions where the applicant can pay the filing fee with acceptable sacrifice to other expenses. *See, e.g.*, *Allen v. Kelley*, 1995 WL 396860, at *2-3 (N.D. Cal. June 29, 1995) (Plaintiff initially permitted to proceed IFP, but later required to pay $120 filing fee out of $900 settlement proceeds).

Here, Plaintiff has not sufficiently demonstrated his entitlement to IFP status. Plaintiff attests that he is unable to pay the costs of these proceedings. (Doc. 2 at 1.) Plaintiff fails, however, to answer or provide a meaningful response to many of the questions in his affidavit, as required by the Instructions listed on page 1. (*Id.* at 1.) For example, when asked to attest to his average monthly income during the past 12 months from various income sources, Plaintiff left almost all of the required fields blank. (*Id.* at 1-2.) Plaintiff appears to reference in the margin an income of $110, but it is unclear from Plaintiff's affidavit the source or frequency of that income. (*Id.* at 1.) Plaintiff also appears to make reference in the margin to an income of $11.60, but does not provide sufficient information about the source of that income, or how that income factors into his average

monthly income during the past 12 months. (*Id.*) When asked to estimate the average amount of money received from child support payments during the past 12 months, Plaintiff left the field blank and instead wrote "Xmas Gifts" in the margin. (*Id.*) Similarly, when asked to list the assets which Plaintiff or his spouse owns and the average monthly expenses of Plaintiff and his family, Plaintiff left all of the required dollar fields blank, and instead listed non-dollar amounts in the affidavit margins. (*Id.* at 3-4.)

Plaintiff also left blank questions concerning any money he or his spouse has in bank accounts or in any other financial institution (*id.* at 2), persons owing Plaintiff or his spouse money (*id.* at 3), persons who rely on Plaintiff or his spouse for support (*id.*), whether Plaintiff expects any major changes to his monthly income or expenses during the next 12 months (*id.* at 5), whether Plaintiff will be spending any money for expenses or attorney fees in conjunction with this action (*id.*), and any other information that will help explain why he cannot pay the costs or these proceedings (*id.*). Because the Court finds that Plaintiff does not allege poverty "with some particularity, definiteness and certainty," *Escobedo*, 787 F.3d at 1234, Plaintiff is not entitled to proceed in forma pauperis at this time. Courts in this district have denied similar IFP applications where a litigant fails to meet his burden of demonstrating his indigence. *See, e.g., Blackshire v. Buca Restaurants 2, Inc.*, No. 21-cv-1505-JLS-WVG, 2022 WL 36519, at *2-3 (S.D. Cal. Jan. 3, 2022) (denying IFP motion where plaintiff failed to answer or provide meaningful response to many questions in affidavit); *Aellis O. v. Connor*, No. 22-cv-200-JLS-WVG, 2022 WL 757432, at *2 (S.D. Cal. Feb. 18, 2022) (denying IFP motion where plaintiff failed to answer every question in affidavit); *Toussaint v. Venante*, No. 22-cv-245-JLS-AGH, 2022 WL 891112, at *1-2 (S.D. Cal. Mar. 25, 2022) (same).

Accordingly, the Court **DENIES** Plaintiff's IFP Motion (Doc. 2) without prejudice. No later than June 6, 2022, Plaintiff must either pay the $402 filing fee required to commence this civil action or file a renewed IFP motion that sufficiently shows he is entitled to IFP status. If Plaintiff fails to do either by the stated deadline, the Court will dismiss the complaint and close the case.

**IT IS SO ORDERED.**

DATE:  May 5, 2022

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE